

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-16,370-02

**EX PARTE WILL DONNELL SIMMONS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W91-00848-I(A) IN CRIMINAL DISTRICT COURT NO. 2
## FROM DALLAS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to life imprisonment. His sentence was ordered to run consecutively with a forty-year sentence for aggravated robbery. The Fifth Court of Appeals affirmed his conviction. *Simmons v. State*, No. 05-91-00503-CR (Tex. App.—Dallas 1992, pet. ref'd).

In a single ground, Applicant contends that the cumulation portion of the judgment in his

case is improper.[1]  On May 14, 2014, we filed and set this application for submission and asked for briefing from the parties.  Applicant has now filed a motion to amend or supplement with the Court.  His motion is granted in part.  He may file a separate or subsequent application, not an amended claim, in the county of conviction.  TEX. CODE CRIM. PROC. art. 11.07, § 3(b) ("An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained . . . .").  If he elects to do so, Applicant shall file this application within 30 days of the date of this order.

Filed: September 18, 2014
Do not publish

---

[1]On the 11.07 form, he writes that his sentence is "void" because the trial court entered an improper cumulation order.